IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nationwide Mutual Fire Insurance Company, | ) | C/A No. 3:12-cv-01759-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Trentcina Jeter and Carla M. Coulter, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On June 26, 2012, Nationwide Mutual Fire Insurance Company ("Nationwide") filed a complaint seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 against Trentcina Jeter and Carla M. Coulter. ECF No. 1. Ms. Coulter filed an answer and a counterclaim on September 12, 2012. ECF No. 8. Ms. Jeter did not file an answer, and on September 19, 2012, Nationwide requested entry of default. ECF No. 11. On the same day, Nationwide filed an answer to and a motion to dismiss Ms. Coulter's counterclaims. ECF No. 12 & 13. On September 21, 2012, the clerk's office entered default against Ms. Jeter. ECF No. 14. This matter is before the court on Nationwide's motion to dismiss Ms. Coulter's counterclaim.

**I. Relevant Factual and Procedural Background**

This case centers on a lawsuit that Ms. Coulter filed on April 19, 2012, in the Court of Common Pleas for Richland County, South Carolina, involving an alleged assault. ECF No. 1 at 2. In state court, Ms. Coulter alleged that she hired Ms. Jeter to drive her to two job interviews on February 14, 2012. *Id.* Ms. Coulter alleged that on the way to the second interview, Ms. Jeter began physically assaulting her and sprayed her with mace or pepper spray. *Id.* Ms. Coulter

further alleged that Ms. Jeter subsequently pleaded guilty in Lexington County Municipal Court to third degree assault. *Id.*

It appears that Ms. Jeter assaulted Ms. Coulter while they were in an automobile owned by James H. Allen. Nationwide asserts that it issued an insurance policy to James H. Allen to cover the automobile involved in the incident, and that the policy was in effect on February 14, 2012. Ms. Coulter seeks a declaratory judgment that her injuries are covered by the insurance policy. She also seeks attorney's fees. ECF No. 8.

## II. Discussion

Nationwide moves pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE to dismiss Ms. Coulter's counterclaim with respect to her claim for attorney's fees. Nationwide argues that, under South Carolina law, third-party claimants such as Ms. Coulter are not entitled to attorney's fees if they successfully defend against a declaratory judgment action brought by an insurance company.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint need not set forth detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than a formulaic recitation of the

2

elements of a cause of action. *Twombly*, 550 U.S. at 555. Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

Under South Carolina law, an insured is entitled to attorney's fees when it prevails in a declaratory judgment action brought by an insurance company. *Hegler v. Gulf Ins. Co.*, 243 S.E.2d 443, 443 (S.C. 1978). However, third-party claimants do not have standing to assert claims arising out of an insurer's breach of contract with its insured. *See Hill v. Canal Ins. Co.*, CA No. 7:12-330, 2012 WL 3135402 (D.S.C. Apr. 1, 2012)(citing *Kleckley v. Northwestern Nat'l Cas. Co.*, 526 S.E.2d 218, 219 (S.C. 2000). Because Ms. Coulter is not party to the insurance contract with Nationwide, she lacks standing to seek attorney's fees. Accordingly, the court concludes that Ms. Coulter's claim for attorney's fees fails as a matter of law.

### III. Conclusion

For the reasons above, Nationwide's motion to dismiss Ms. Coulter's counterclaim is granted to the extent that she seeks attorney's fees.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour  
Margaret B. Seymour  
Chief United States District Judge

Columbia, South Carolina  
October 23, 2012

3