IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nationwide Mutual Fire Insurance Company, | ) | C/A No. 3:12-1759-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Trentcina Jeter and Carla M. Coulter, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On June 26, 2012, Nationwide Mutual Fire Insurance Company ("Nationwide") filed a complaint against Trentcina Jeter ("Jeter") and Carla M. Coulter ("Coulter"), seeking a declaration that the tort claims in an underlying lawsuit in state court do not give rise to a duty to indemnify under an automobile insurance policy. ECF No. 1. On September 12, 2012, Coulter filed an answer and a counterclaim seeking a declaration to the contrary. ECF No. 8. Jeter failed to file an answer, and on September 19, 2012, Nationwide requested entry of default, which the clerk's office entered. ECF Nos. 11 & 14. Coulter and Nationwide filed cross-motions for summary judgment. ECF Nos. 26 & 27. On June 18, 2013, the court issued an order that granted Nationwide's motion for summary judgment and denied Coulter's motion for summary judgment. ECF No. 41. The within matter is before the court on Nationwide's unopposed motion for default judgment as to Jeter, ECF No. 42, which motion was filed on June 24, 2013.

When a party against whom judgment is sought fails to file a responsive pleading or otherwise defend the action, the plaintiff may request, and the court may enter, default judgment against the nonresponsive party. FED R. CIV. P. 55. When a party defaults, all of the allegations against that party in the pleadings are deemed admitted. *See Certaineed Corp. v. Pinnacle Bldg. Solutions, Inc.*, C/A No. 3:07–72, 2007 WL 4287641 (D.S.C. Dec. 4, 2007). Although the court

"must accept the facts alleged in a complaint as true and construe them in the light most favorable to the plaintiff," *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 188 (4th Cir. 2010), threadbare "legal conclusion[s] . . . [are] not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

The court need not resolve Nationwide's motion for default judgment based on the pleadings alone. In addressing the parties' cross-motions for summary judgment, the court had the opportunity to consider the different positions of Coulter and Nationwide and, in its June 18, 2013 order, held that the automobile insurance policy Nationwide issued Jeter does not indemnify her for liability that results from the underlying state court litigation. Incorporating the reasoning of that order here, Nationwide is entitled to the declaratory relief it requests against Jeter.

For the foregoing reasons, Nationwide's motion for default judgment, ECF No. 42, is **GRANTED**.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour  
Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina  
July 10, 2013